NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 220333-U

NO. 4-22-0333

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 20, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| DARRION O. FOOTE, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| | ) | Winnebago County |
| v. | ) | No. 21MR476 |
| | ) | |
| CORRECTIONS OFFICER BEN STREED, | ) | |
| Defendant-Appellee | ) | Honorable |
| | ) | Stephen Balogh, |
| | ) | Judge Presiding. |

JUSTICE STEIGMANN delivered the judgment of the court.
Presiding Justice Knecht and Justice Harris concurred in the judgment.

**ORDER**

¶ 1    *Held:*   The appellate court reversed the trial court's order dismissing plaintiff's complaint for failure to state a claim.

¶ 2    In May 2021, plaintiff, Darrion O. Foote, a pretrial detainee in the Winnebago County Jail, *pro se* filed a complaint against defendant, Ben Streed, a corrections officer at the jail. Foote's complaint alleged, among other things, that Streed defamed Foote by loudly calling Foote a " 'child molester' " within earshot of other inmates. The complaint further alleged that Foote was not a child molester and had never been charged with a criminal offense involving children.

¶ 3    In October 2021, Streed filed a combined motion to dismiss pursuant to section 2-619.1 (735 ILCS 5/2-619.1 (West 2020)), asserting, among other things, that Foote did not sufficiently plead the element of publication to allege defamation. The trial court agreed with

Streed and in January 2022 dismissed Foote's complaint with prejudice.

¶ 4    Foote appeals, arguing the trial court erred by dismissing his defamation claim because the pleadings established a *prima facie* case for defamation *per se*. We agree, reverse the trial court's order dismissing Foote's complaint, and remand for further proceedings.

¶ 5    I. BACKGROUND

¶ 6    In May 2021, Foote *pro se* filed a complaint against Streed, Winnebago County Sheriff Gary Caruana, Winnebago County Jail Superintendent Robert Redmond, and the County of Winnebago (Streed is the only party who takes part in this appeal), alleging (1) libel *per se*, (2)  slander *per se*, (3) defamation *per se*, (4) false light invasion of privacy, (5) deliberate indifference to serious risk of harm, and (6) intentional infliction of emotional distress.

¶ 7    The complaint alleged the following. Foote was an inmate at the county jail and "had an ongoing dispute with *** Streed about his requirement that inmates, including [Foote], remain seated or move about constantly while in the common area of the pod," which is a section of the jail where inmates are housed. In April 2021, Foote and several other inmates stood up while watching the "10:00 p.m. news which led to [Streed] turning the television off while stating, in a loud voice, 'sit down or keep moving.' " Shortly thereafter, Streed called " 'end of day lockdown,' " which consisted of "inmates returning to their assigned cells and waiting for the officer on duty to come by and view their wristband photograph for identity purposes."

¶ 8    Once Streed opened Foote's cell he told Foote, " '[B]y the way Foote you're on 24-hour lockdown for standing up during the news.[ ' ]" Foote protested, exclaiming " 'get me a sergeant!' " Streed responded "in a very loud voice, 'I can do whatever the f*** I want to Foote because you're a child molester.' " He continued, " '[L]isten up everybody, inmate Foote is in jail for molesting kids.' " Foote alleged that "[t]his comment brought about a very loud chorus of

laughter and taunts from other inmates, such as 'cho-mo'; 'chester the molester'; 'Foote's a queer' and 'stranger danger.' "

¶ 9        In an attempt to rehabilitate his image, Foote shouted that he was not a child molester, but his efforts were met with "more laughter and demeaning taunts." Foote then overheard an inmate ask Streed, " '[A]re you bullshitting or is he in here for that shit for real?' " Streed replied, " '[H]ell yeah he's a fucking child molester,' " as he exited the pod. "Not long after, [Foote] overheard several inmates openly discussing whether or not anyone [*sic*] of them thought *** Streed was telling the truth."

¶ 10       The following day, Foote was told by a different officer that he was on 72-hour lockdown and was unable to talk to other inmates through the cell doors. However, "inmates who were placed on lockdown status had to be allowed an hour out of their assigned cells each day." Consistent with that requirement, that evening, Foote "was given his hour out and immediately noticed that inmates were trying to avoid him, even the ones he normally would converse with on a daily basis."

¶ 11       The next day, Foote was allowed out of his cell for an hour "and was asked ***by an inmate, whether or not he was a child molester," to which Foote responded, "HELL NO!" Then, as Foote walked about the common area, "he heard inmates laughing and making comments like 'amber alert,' 'cho-mo,' [and] 'Foote is a queer.' " Because of this ridicule Foote "decided to allow a few inmates to view his 'criminal complaint' as a means to protect his reputation from further damage."

¶ 12       Foote alleged in his complaint that he "is not a child molester and has never been charged with a criminal offense involving a child." Foote further alleged that Streed intentionally called Foote a child molester loudly enough so that other inmates in the pod could hear him. As a

direct result of Streed's statements, Foote had "gotten into several arguments with inmates [in which] his character was being questioned."

¶ 13    In October 2021, Streed filed a combined motion to dismiss, asserting, among other things, that Foote did not sufficiently plead the element of publication to allege defamation. In January 2022, pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2020)), the trial court entered a written order dismissing Foote's complaint with prejudice. The court wrote the following:

> "Taking the factual allegations of Foote's complaint as true, the court will find that as a general rule falsely accusing someone of being a pedophile or child molester would be defamatory *per se*. *** However, Foote does not plead the essential element of publication.
>
> Foote spends a great deal of time complaining of the circumstances surrounding Streed's utterance. Foote claims Streed was in the day room when he called him a child molester and that Streed said it loudly enough that [Foote] heard [Streed] and he assumes others did as well. Foote further pleads that a few unidentified inmates made jokes at his expense but that everything was quickly quelled when he showed them a copy of his criminal complaint. (The public record reveals that Foote is a pretrial detainee being held on multiple charges including aggravated battery, aggravated battery to a peace officer, domestic battery, and aggravated assault with a deadly weapon.)[ ] However, Foote does not plead that anyone who may have heard the statement assumed or believed it to be anything other than a jailhouse slur.
>
> The lack of publication is bolstered by the fact that Foote does not plead

- 4 -

that anyone ever did anything in reliance on Streed's insult. Foote does not plead that anyone actually threatened or harmed him, or that his standing within the community of jail inmates was in any way impacted. *** [H]e does not advance a single incident of harassment by fellow detainees in the jail. In the end, all Foote pleads [is] that CO Streed is an insensitive jerk who insulted him."

¶ 14 This appeal followed.

¶ 15 II. ANALYSIS

¶ 16 Foote appeals, arguing the trial court erred by dismissing his defamation claim because the pleadings established a *prima facie* case for defamation *per se*. We agree and reverse the trial court's order dismissing Foote's complaint.

¶ 17 A. The Applicable Law and the Standard of Review

¶ 18 1. *Defamation Generally*

¶ 19 "To state a claim for defamation, a plaintiff must allege facts showing that (1) the defendant made a false statement about the plaintiff, (2) the defendant made an unprivileged publication of that statement to a third party, and (3) the publication caused damages." *Dent v. Constellation NewEnergy, Inc.*, 2022 IL 126795, ¶ 26. "A defamatory statement is one that harms a person's reputation because it lowers the person in the eyes of others or deters others from associating with her or him." *Hadley v. Doe*, 2015 IL 118000, ¶ 30, 34 N.E.3d 549. "There are two forms of defamatory statements: defamation *per quod* and defamation *per se*. If a defamatory statement is actionable *per se*, the plaintiff need not prove actual damage to his or her reputation to recover; this is presumed." *Vicars-Duncan v. Tactikos*, 2014 IL App (4th) 131064, ¶ 20, 16 N.E.3d 935. Illinois considers the following five categories of statements as defamatory *per se*:

" (1) [W]ords that impute a person has committed a crime; (2) words that impute a person is infected with a loathsome communicable disease; (3) words that impute a person is unable to perform or lacks integrity in performing her or his employment duties; (4) words that impute a person lacks ability or otherwise prejudices that person in her or his profession; and (5) words that impute a person has engaged in adultery or fornication." *Green v. Rogers*, 234 Ill. 2d 478, 491-92, 917 N.E.2d 450, 459 (2009).

¶ 20 "Although a complaint for defamation *per se* need not set forth the allegedly defamatory words in *haec verba*, the substance of the statement must be pled with sufficient precision and particularity so as to permit initial judicial review of its defamatory content." *Id.* at 492. "Precision and particularity are also necessary so that the defendant may properly formulate an answer and identify any potential affirmative defenses." *Id.*

¶ 21 Regarding the element of publication, which is relevant here, section 577 of the Restatement (Second) of Torts defines publication as "communication intentionally or by a negligent act to one other than the person defamed." Restatement (Second) of Torts § 577 (1977); see also *West Bend Mutual Insurance Co. v. Krishna Schaumburg Tan, Inc.*, 2021 IL 125978, ¶ 42, 183 N.E.3d 47 (citing section 577 of the Restatement (Second) of Torts favorably).

¶ 22 2. *Section 2-615 Motion To Dismiss and the Standard of Review*

¶ 23 A motion to dismiss under section 2-615 of the Code of Civil Procedure tests the legal sufficiency of a complaint. *Walworth Investments-LG, LLC. v. Mu Sigma, Inc.*, 2022 IL 127177, ¶ 39. "In ruling on a section 2-615 motion, a court must accept as true all well-pleaded facts and all reasonable inferences therefrom, to determine whether the complaint's allegations—construed in the light most favorable to the plaintiff—are sufficient to establish a cause of action

upon which relief may be granted." *Id.* Courts should grant a motion to dismiss pursuant to section 2-615 only when " 'it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery.' " *O'Connell v. County of Cook*, 2022 IL 127527, ¶ 18. Appellate courts review a dismissal under section 2-615 *de novo*. *Id.* ¶ 19.

¶ 24                                B. This Case

¶ 25        Streed contends that Foote did not plead the element of publication because "[t]he trial court correctly found that [Foote] did not allege that any specific named individual other than himself *** may have heard *** Streed's remark." Streed further suggests that publication never occurred because Foote "does not plead that he was beat up, harassed, or physically suffered in any way." We disagree.

¶ 26        Streed cites no authority suggesting that Foote must allege the names or identities of the third party who heard the defamatory statements to sufficiently plead the element of publication for defamation *per se*. Instead, Streed asks this court to infer from Foote's complaint that a third party did not hear Streed's statements because Foote does not allege (1) the names of any individuals who heard Streed's statements or (2) that anyone perpetrated any violence upon Foote. However, that inference is contrary to the well-established principle that a court reviewing a section 2-615 dismissal motion must construe the allegations in the complaint in the light most favorable to the plaintiff. *Mu Sigma, Inc.*, 2022 IL 127177, ¶ 39.

¶ 27        In this case, this court need not even strain to construe the allegations in the complaint in the light most favorable to Foote. That is because Foote clearly alleged that Streed's statements were published to third parties. To plead publication, Foote needed only to allege facts showing that Streed communicated his defamatory statements intentionally or by negligent act to a third party. *Green*, 234 Ill. 2d at 491. Specifically, Foote alleged that (1) inmates laughed

at Foote from other cells in his pod after Streed called him a child molester, (2) an inmate questioned Streed about whether Foote was a child molester and Streed answered " 'hell yeah he's a fucking child molester,' " (3) after Streed made the statements (a) inmates in the common area asked Foote if he was a child molester and (b) Foote heard inmates call him " 'cho-mo' " and " 'a queer.' " Indeed, it is difficult to comprehend how one could read Foote's complaint and come to the conclusion that Streed's statement was not heard by third parties.

¶ 28        Further, under the facts of this case, the absence of any allegation that Foote was physically harmed after Streed made the statements does not mean other inmates did not hear the statements. The absence of such allegations might be relevant regarding the damages element of defamation, but a plaintiff alleging defamation *per se*, as in this case, need not establish damages because they are presumed. *Tactikos*, 2014 IL App (4th) 131064, ¶ 20.

¶ 29        Ultimately, Foote's complaint is of sufficient "[p]recision and particularity *** that [Streed] may properly formulate an answer and identify any potential affirmative defenses." *Green*, 234 Ill. 2d at 492. Foote's complaint alleged that (1) Streed called Foote a child molester, imputing the commission of a crime; (2) Streed's statement is false; and (3) Streed's statement was published to other inmates in the pod, who began to laugh at, taunt, and question Foote. Given those allegations, Foote's complaint for defamation *per se* alleges sufficient facts to survive a section 2-615 motion to dismiss.

¶ 30                    III. CONCLUSION

¶ 31        For the reasons stated, we reverse the trial court's decision and remand for further proceedings.

¶ 32        Reversed.